Kory BIAMI, Petitioner–Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 96–4111.

United States Court of Appeals,
Seventh Circuit.

Submitted March 17, 1998.[1]

Decided May 22, 1998.

Brendan J. Rowen (submitted), Wauwatosa, WI, for Petitioner–Appellant.

Pamela Pepper (submitted), Milwaukee, WI, for Respondent–Appellee.

Before FLAUM, MANION, and EVANS, Circuit Judges.

EVANS, Circuit Judge.

On August 22, 1995, Kory Biami entered a plea of guilty to the first count of a multi-count indictment. The count charged Biami with conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. The remaining counts in the indictment were dismissed. Two months later, on October 25, 1995, Judge Myron L. Gordon in the district court denied Biami's motion to withdraw his guilty plea. The judge, after determining that Biami was a career offender under the federal sentencing guidelines, sentenced him to a term of 188 months. Biami then filed a direct appeal raising one claim: that Judge Gordon erred in denying his motion to withdraw the guilty plea. We rejected this argument and affirmed his conviction in an unpublished order. *United States v. Biami*, 85 F.3d 632 (7th Cir. 1996).

On June 17, 1996, Biami filed a motion under 28 U.S.C. § 2255 to "vacate, set aside or correct his sentence." His motion was based on our decision in *United States v. Booker*, 70 F.3d 488 (1995), *cert. denied*, 517 U.S. 1111, 116 S.Ct. 1334, 134 L.Ed.2d 484 (1996), where we held that a defendant may not be sentenced under the enhanced penalties for "crack" cocaine unless it is proved that the substance he possessed or distributed was actually "crack" as opposed to ordi-

---

1. After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. *See* Fed. R.App. P. 34(a); Cir.R. 34(f).

nary powdered cocaine. Biami argued that the government, at sentencing, had not proved that he possessed crack when he was arrested.

■ Judge Gordon held an evidentiary hearing on Biami's motion, the purpose of which was to ascertain whether the substance in question was, or was not, crack. After the submission of evidence, the judge determined that Biami possessed crack, and his § 2255 motion was denied. Biami now appeals that decision, arguing, unconvincingly, that it was error for Judge Gordon to conduct a hearing to ascertain the nature of the cocaine he possessed. His argument, stripped to its essence, is that the judge was stuck with the record as it existed before he filed his § 2255 motion and that he had no authority to, in effect, reopen the record to ascertain more accurately the nature of the drug in question.

■ Biami certainly acted reasonably in questioning the validity of his sentence in reliance on *Booker*. But his argument that the district judge was stuck with the record as it existed when his motion was filed is meritless. Contrary to his claim, a district court cannot only hold an evidentiary hearing on a § 2255 motion, it ordinarily must do so if a defendant raises meritorious claims involving factual issues. Section 2255 states:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

If the district judge could not hold a hearing and proceed as he did, we would be elevating form over substance because the judge could simply grant the motion, vacate the sentence, and then open a new sentencing hearing where the determination that the cocaine was crack would obviously follow. Because a proceeding of this sort would not increase a defendant's sentence, we fail to see how a claim of foul could be made with a straight face.

■ Biami also raises a related ineffective assistance of counsel argument—his lawyer was ineffective, he says, because he didn't originally raise the crack versus powder co-

caine argument-which we reject because he obviously cannot show he was prejudiced by the performance of his lawyer. *See Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). For these reasons, Biami's appeal is meritless, and the judgment of the district court denying relief under § 2255 is AFFIRMED.